UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MIGUEL SALGUERO,** : | No. 3:15-cv-01152 (WIG) |
|               **Plaintiff,** : | |
| v. : | |
| **LUIZA'S DINER, LLC** : | |
| **AND AVDULLA ZHUTA,** : | |
|               **Defendants.** : | NOVEMBER 3, 2016 |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiff Miguel Salguero ("Plaintiff") and Defendants Luiza's Diner, LLC and Avdulla Zhuta (collectively, "Defendants"), by and through undersigned counsel, jointly move the Court to enter an Order approving their agreement to settle this action and dismissing it with prejudice and without costs, attorneys' fees, or interest and waiving all rights of appeal.

In support of this Motion, the parties represent as follows:

1.    In this action, Plaintiff has alleged that Defendants failed to pay him overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the Connecticut Minimum Wage Act, Conn. Gen. Stat. §§ 31-58 *et seq.*

2.    The parties continue to dispute the amount of wages and other relief due to Plaintiff (if any), and Defendants have denied and continue to deny each and every claim made by Plaintiff in the action. Notwithstanding, the parties desire to fully and finally resolve any and all disputes concerning any and all of Plaintiff's claims without the expense of further litigation.

3.    In furtherance of the parties' mutual desire to resolve their dispute without further litigation, they have entered into a Settlement Agreement and Release (the

"Agreement) (copy attached hereto as **Exhibit 1**).

4. The parties hereby request that the Court approve the Agreement. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) ("[S]tipulated dismissals settling FLSA claims with prejudice require the approval of the district court . . . to take effect.")

5. In deciding to approve the Agreement, this Court must determine that it reflects a fair and reasonable compromise of disputed issues. *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012).

6. In determining whether the Agreement is fair and reasonable, this Court should consider the totality of circumstances, including but not limited to: (1) Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *See Wolinsky*, 900 F.Supp.2d at 335.

7. Under the terms of the Agreement, the total settlement amount is for $25,000, which amount represents: (i) $6,500 in lost wages; (ii) $6,500 in liquidated damages; and (iii) $12,000 in attorneys' fees and costs (allocated as $11,974.90 in attorneys' fees and $25.10 in costs). In exchange for this payment, the parties have agreed that Plaintiff's claims will be dismissed with prejudice, without costs or attorneys' fees.

8. The parties participated in a settlement conference with Magistrate Judge William I. Garfinkel on August 15, 2016, and prior to that had several conversations

regarding the merits of this lawsuit. Following this settlement conference, the parties had many more exchanges before finally reaching agreement on the monetary terms and negotiating non-monetary terms that do not include any provisions upon which district courts in the Second Circuit have rejected FLSA settlements.

9. Specifically, the Agreement does not contain a confidentiality clause. *See Guaman v. Newtown Colony Diner, Inc.*, No. 3:15CV00353 (SALM), 2015 U.S. Dist. LEXIS 128838, *3 (D.Conn. Sep. 25, 2015) (citing FLSA's remedial purpose in joining "overwhelming consensus of district courts that have considered the issue" to find a "strong presumption of public access" to FLSA settlement agreements); *see also Lopez v. Nights of Cabiria, LLC*, 96 F.Supp.3d 170, 178 (S.D.N.Y. 2015) (refusing to approve any provisions in settlement agreement that would bar plaintiffs from openly discussing their experiences litigating wage-and-hour case).

10. Similarly, the Agreement does not contain an overly broad release of claims. *See Lopez,* 96 F.Supp.3d at 181 (rejecting release "purport[ing] to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues" because it "confers an uncompensated, unevaluated, and unfair benefit on the employer and is inequitable and unfair").

11. Under the FLSA, an award of reasonable attorneys' fees and costs to a prevailing FLSA plaintiff is mandatory. *Hagelthorn v. Kennecott Corp.*, 710 F.2d 76, 86 (2d Cir. 1983). A prevailing FLSA plaintiff is entitled to an award of attorneys' fees that may substantially exceed the amount of damages awarded. *Cho v. Koam Medical Services P.C.,* 524 F.Supp.2d 202, 211 n. 6 (E.D.N.Y. 2007). "Adequate compensation

3

for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA." *Aros v. United Rentals, Inc.*, No. 3:10CV00073 (JCH), 2012 WL 3060470, *4 (D. Conn. July 26, 2012) (collecting cases). Fees are awarded to plaintiffs in settled cases on the same basis as litigated cases. *Copeland v. Marshall*, 641 F.2d 880, 904 (D.C. Cir. 1980). Here, counsel's hourly rate of $325 is well within the prevailing rates for attorneys of his training and experience. After obtaining his law degree in 2005, counsel spent six months in a Spanish-language immersion school in Guatemala, which enabled him to communicate with Spanish-speaking clients like Plaintiff without the need for interpreters. Counsel has 10 years of combined experience in labor and employment law, in the legal department at Service Employees International Union, as in-house counsel to an SEIU local, and in private practice. For the past five years, counsel has run a solo practice focused primarily on issues of wage theft in low-income and immigrant communities. Counsel has represented the plaintiffs in 19 FLSA cases in this District. To date, Plaintiff's counsel has reasonably expended more than 43 hours on this litigation. At counsel's reasonable hourly rate of $325, the attorney's fees would thus amount to more than $14,000. Notwithstanding, to the Plaintiff's advantage, counsel agreed to accept a reduced fee of $11,974.90.

12. The parties have already executed the Agreement, which provides for payment of the settlement amount within ten (10) business days after the Court's approval of the settlement.

13. The parties represent that the Agreement executed by the parties: (i) is fair and reasonable to all parties; (ii) was negotiated at arm's-length by experienced counsel; and (iii) demonstrates a good faith intention by the parties to fully and finally resolve

Plaintiff's claims in order to avoid the litigation risks and potential costs of continued litigation.

14.  WHEREFORE, the parties respectfully request that this Court enter the attached proposed Order (<u>Exhibit 2</u>) approving the Agreement, dismissing Plaintiff's claims against Defendants as to all counts and all claims with prejudice and without costs, attorneys' fees, or interest and waiving all rights of appeal.

                                      Respectfully Submitted,

| PLAINTIFF | **LUIZA'S DINER, LLC AND AVDULLA ZHUTA** |
|---|---|
| By his attorney, | |
| */s/ Mariusz Kurzyna* | By: */s/ Glenn A. Duhl* |
| Mariusz Kurzyna (Bar No. ct28940) | Glenn A. Duhl ct03644 |
| LAW OFFICE OF MARIUSZ KURZYNA | Siegel, O'Connor, O'Donnell & Beck, P.C. |
| 130 West Main Street, P.O. Box 3104 | 150 Trumbull Street |
| New Britain, Connecticut | Hartford, CT 06103 |
| Tel: (860) 357-6070 | Tel.: (860) 280-1215 |
| Fax: (860) 606-9560 | Fax: (860) 527-5131 |
| mariusz@kurzynalaw.com | gduhl@siegeloconnor.com |

## **CERTIFICATE OF SERVICE**

     I hereby certify that on November 3, 2016, a copy of the foregoing Joint Motion to Approve Settlement Agreement was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                       /s/ Glenn A. Duhl
                       Glenn A. Duhl ct03644

# EXHIBIT 1

## RELEASE AND SETTLEMENT AGREEMENT

1. **PARTIES**. This Release and Settlement Agreement ("Agreement") is made by and between **Miguel Salguero**, individually and on behalf of and for the benefit of his present and former family members, heirs, successors or assigns, and/or any person acting on his behalf ("**Salguero**"), **Luiza's Diner, LLC,** individually and on behalf of and for the benefit of its successors, assigns, present and former parent companies, affiliates, subsidiaries, employees, officers, directors, members, principals, insurers, attorneys, agents and/or anyone acting on its behalf ("**Luiza's**"), and **Avdulla Zhuta**, individually and on behalf of and for the benefit of his present and former family members, heirs, successors or assigns, and/or any person acting on his behalf, (Luiza's and Zhuta are collectively referred to as the "**Employer**") (Salguero and the Employer are collectively referred to herein as the "**Parties**.")

2. **PARTICULARS**.

    WHEREAS, Salguero, a former employee of Employer, filed a complaint in the United States District Court, District of Connecticut, entitled, *Miguel Salguero v. Luiza's Diner, LLC and Avdulla Zhuta*, Case No. 3:15-cv-01152-WWE, (the "Complaint");

    WHEREAS, on December 9, 2015, the Employer filed an answer with affirmative defenses denying Salguero's claims;

    WHEREAS, the Parties engaged in settlement negotiations through their respective attorneys with the assistance of Magistrate Judge William I. Garfinkel;

    WHEREAS, the Parties desire to fully and finally compromise, settle and forever resolve and dispose of the controversies and differences alleged in the Complaint on the terms set forth herein;

    **NOW, THEREFORE**, in exchange for and in consideration of the mutual promises and covenants contained herein, along with other good and valuable consideration, the Parties hereby agree as follows.

3. **NON-ADMISSION**. This Agreement is for the purpose of avoiding controversy and litigation between the Parties, and does not constitute an admission by Employer that any action taken with respect to Salguero's employment and/or termination from employment was improper, unlawful, or wrongful or in violation of any applicable law, regulation, policy, or contract, any such allegations being expressly denied by Employer. This Agreement shall not be admissible as evidence in any federal, state, municipal or administrative proceeding, except that Salguero or Employer may submit this Agreement to an appropriate court or agency in the event the other party breaches the same.

4. **REEMPLOYMENT**. Salguero agrees that he will not seek reemployment with Employer at any time in the future. Salguero further agrees that should he seek reemployment or apply for future employment in violation of the terms of this paragraph, Employer shall incur no liability of any kind or nature by virtue of its refusing to hire or rehire Salguero or to consider Salguero for employment.

5. **CONSIDERATION**.

   a.   In consideration of all the terms, conditions and undertakings by Employer, Salguero agrees to the following terms and conditions:

   1.   Salguero releases Employer from all claims and charges as set forth below in Paragraphs 6, 7 and 8 of this Agreement.

   2.   Within three (3) business days after court approval of the settlement, Salguero shall file a Stipulation of Dismissal With Prejudice.

   b.   In consideration of all the terms, conditions and undertakings by Salguero, Employer agrees to the following terms and conditions:

   1.   Employer agrees to pay Salguero the aggregate sum of TWENTY-FIVE THOUSAND AND 00/100 DOLLARS ($25,000.00), as follows:

       (i)   Employer will pay this aggregate amount within ten (10) business days after both court approval of the settlement and Employer's counsel's receipt of completed IRS Form W-9s from both Salguero and his counsel.

       (ii)  Employer will issue payment to Salguero in the gross amount of SIX THOUSAND FIVE HUNDRED AND 00/100 DOLLARS ($6,500.00) less all required federal, state and other employment-related taxes and deductions, for settlement of his wage claims, which Employer denies, and such amount will be reported on an IRS Form W-2 issued to Salguero.

       (iii) Employer will issue payment to Salguero in the aggregate amount of SIX THOUSAND FIVE HUNDRED AND 00/100 DOLLARS ($6,500.00) for Salguero's claims for non-wage liquidated damages, which Employer denies, and such amount will be reported on an IRS Miscellaneous Income Form 1099 issued to Salguero checking Box 3 "Other."

2

      (iv)    Employer will issue payment to Mariusz Kurzyna, Esq., The Law Office of Mariusz Kurzyna, 130 West Main Street, P.O. Box 3104, New Britain, CT 06050, Tax ID No. 45-3450509, in the amount of TWELVE THOUSAND AND 00/100 DOLLARS ($12,000.00), for Salguero's claim for attorney's fees, which Employer denies, and such amount will be reported on an IRS Form 1099 issued to Salguero's counsel.

      (v)    The payment described hereinabove shall be the complete, total and only financial payment to Salguero and/or any counsel for him under this Agreement.

      (vi)    The parties have jointly moved the Court to approve this Agreement as it involved the settlement of claims for wages. The Court has approved the apportionment of settlement proceeds.

6. **RELEASE AND WAIVER OF CLAIMS.** In exchange for the consideration set forth in Paragraph 5, Salguero releases, waives, surrenders, and discharges Employer from all claims, liabilities, demands, and causes of action at law or equity which Salguero asserted in the Complaint and any rights of continued employment, reinstatement or reemployment.

7. **REPRESENTATIONS REGARDING RELEASE AND WAIVER OF CLAIMS.** Salguero represents that other than the Complaint that he is now dismissing with prejudice and releasing all claims arising out of the allegations contained therein, he has no other pending claim against the Employer, has not filed a complaint, charge or claim with any court, agency or other tribunal against the Employer, has no or pending work-related injury, has not brought any claim for workers compensation, and has not assigned any claim against the Employer to any person or entity. Moreover, to confirm the parties' mutual understanding and intentions with respect to the release and waiver set forth in this Agreement, Salguero specifically acknowledges and agrees as follows:

a. This Agreement is intended to be a release that permanently extinguishes all of Salguero's claims against Employer arising out of the allegations asserted in the Complaint to the fullest extent permitted by law;

b. Salguero agrees that he will never institute a claim of any kind against Employer for the claims now released; and

c. Salguero is waiving and giving up all claims that he has or may have to obtain any monetary recovery or equitable relief from Employer including, but not limited to, back pay, front pay, interest, attorney's fees and costs, liquidated damages, contract damages, punitive, compensatory, or consequential damages, and any other form of monetary or nonmonetary relief under any

3

theory of law or liability whatsoever arising out the allegations asserted in the Complaint.

8. **RELEASE AND WAIVER OF CLAIMS**.

    a.  This Agreement was given to Salguero for review on September 12, 2016.

    b.  SALGUERO IS ADVISED TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.

9. **DAMAGES FOR BREACH**. If Salguero breaches any provision of this Agreement, Employer may seek injunctive relief from a court ordering Salguero to cease violating his obligations and monetary damages.  Salguero agrees to indemnify Employer for any costs, expenses (including attorneys' fees) or damages incurred by Employer due to his breach. Salguero's breach of any provision of this Agreement shall not operate to invalidate or render unenforceable any other provision of this Agreement.  If Employer breaches any provision of this Agreement, Salguero may seek injunctive relief from a court ordering Employer to cease violating their obligations and monetary damages. Employer agrees to indemnify Salguero for any costs, expenses (including attorneys' fees) or damages incurred by Salguero due to the breach.

10. **NON-ASSIGNMENT**. Salguero warrants and represents that he has not heretofore assigned or transferred or attempted to assign or transfer to any person or entity, any claim or matter recited in this Agreement or any part or portion thereof, and agrees to indemnify and hold harmless Employer from and against any claim, demand, damage, debt, liability, account, reckoning, obligation, cost, expense (including the payment of attorney's fees and costs actually incurred whether or not litigation be commenced), lien, action, and cause of action, based on, in connection with, or arising out of such assignment or transfer or attempted assignment or transfer.

11. **GOVERNING LAW**. This Agreement shall be deemed to be made and entered into in the State of Connecticut, and shall in all respects be interpreted, enforced and governed under the laws of Connecticut, without regard to conflict of law principles. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.  The headings and captions of this Agreement are provided for convenience only and are intended to have no effect in construing or interpreting this Agreement.

12. **NOTICE**. All notices required under this Agreement shall be sufficiently given if sent by Federal Express and email to the following:

    To Employer:                Glenn A. Duhl, Esq., Siegel, O'Connor, O'Donnell & Beck, P.C., 150 Trumbull Street,

|  |  |  |
|---|---|---|
|  |  | Hartford, CT 06103; tel.: (860) 280-1215; fax: (860) 527-5131; email: gduhl@siegeloconnor.com. |
|  | To Salguero: | Mariusz Kurzyna, Esq., 130 West Main Street, P.O. Box 3104, New Britain, CT 06050; Tel.: (860) 357-6070; Fax: (860) 606-9560; email: mariusz@kurzynlaw.com. |

13. **TAXES**. Both parties are responsible for their respective tax liabilities relating to the payments made pursuant to this Agreement and neither will look to the other for any indemnification of any tax liability.

14. **SEVERABILITY.** In the event that at any future time it is determined by a court of competent jurisdiction that any covenant, clause, provision or term herein is illegal, invalid or unenforceable, the remaining provisions and terms of this Agreement shall not be affected thereby and the illegal, invalid or unenforceable term or provision shall be amended by the court to reflect the Parties' intent, if possible. If such an amendment is not possible, the illegal, invalid or unenforceable term or provision shall be severed from the remainder of this Agreement. In the event of such severance, the remaining covenants of this Agreement shall be binding and enforceable.

15. **MODIFICATION OF AGREEMENT.** This Agreement may be amended, revoked, changed or modified only upon a written agreement executed by all Parties hereto. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

16. **ENTIRE AGREEMENT**. This Agreement constitutes the full and complete understanding between Salguero and Employer concerning its subject matter, and supersedes any and all prior agreements or understandings with respect to its subject matter. Salguero has signed this Agreement of his own free will, and in exchange for consideration to him which he acknowledges is adequate and satisfactory.

17. **EXECUTION**. This Agreement may be executed in one or more counterparts, each of which when so executed shall be deemed to be an original, and all such counterparts together shall constitute but one and the same instrument.

ACKNOWLEDGEMENT

By signing below, Salguero acknowledges that he carefully read and understands the terms of this Agreement; had the opportunity to consult with an attorney of his choosing regarding the implications of this Agreement; received all the advice he deems necessary concerning this Agreement; fully understands what this Agreement means; and chooses to enter into this

Agreement freely, knowingly, and voluntarily without any undue duress and that no other promises or agreements have been made to him other than those set forth in this Agreement.

IN WITNESS WHEREOF, the Parties affix their signatures hereto:

Luiza's Diner, LLC

By: _____

Its _Managing Member_

STATE OF CONNECTICUT    )
                        ) ss.
COUNTY OF HARTFORD      )

Personally appeared Avdulla Zhuta, authorized representative of Luiza's Diner, LLC, Signer and Sealer of the foregoing Instrument, and acknowledged the same to be the free act and deed of Luiza's Diner, LLC, before me this 22nd day of September, 2016.

_____
Notary Public /
Commissioner of the
Superior Court

_____
Avdulla Zhuta

STATE OF CONNECTICUT    )
                        ) ss.
COUNTY OF HARTFORD      )

Personally appeared Avdulla Zhuta, Signer and Sealer of the foregoing Instrument, and acknowledged the same to be his free act and deed before me this 22nd day of September, 2016.

_____
Notary Public /
Commissioner of the
Superior Court

6

_____
**Miguel Salguero**

STATE OF CONNECTICUT    )
                        ) ss.
COUNTY OF HARTFORD      )

    Personally appeared Miguel Salguero, Signer and Sealer of the foregoing Instrument, and acknowledged the same to be his free act and deed before me this 7th day of October, 2016.

_____
Mariusz Kurzyna
Commissioner of the Superior Court

7

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                    :
**MIGUEL SALGUERO,**                :   No. 3:15-cv-01152 (WIG)
                **Plaintiff,**      :
**v.**                              :
                                    :
**LUIZA'S DINER, LLC**              :
**AND AVDULLA ZHUTA,**              :
                **Defendants.**     :
_____ :

## ORDER APPROVING SETTLEMENT AGREEMENT

This litigation, *Miguel Salguero v. Luiza's Diner, LLC and Avdulla Zhuta,* Civil Action No. 3:15-cv-01152 (the "Litigation"), involves, among others, a claim under the Fair Labor Standards Act, 29 U.S.C § 201 *et seq.* ("FLSA"). This matter is before the Court upon the Parties' Joint Motion to Approve Settlement Agreement ("Joint Motion").

This Order provides judicial approval of a reasonable compromise, and is not a finding, conclusion, or reflection of any violation of the FLSA or related state wage laws, willful, intentional, or otherwise. The Court has reviewed the parties' Joint Motion and the Settlement Agreement. The Court also presided over a settlement conference and had the opportunity to discuss the strengths and weaknesses of the claims and defenses with the parties and their counsel. The Court notes that the parties are represented by experienced and competent counsel. The Court further notes that there is a bona fide dispute over the amount of damages, if any, to which Plaintiff is entitled. The Court concludes that the parties' Agreement reflects a fair and reasonable resolution of said bona fide dispute. Accordingly, the Court ORDERS as follows:

   1.   The Court GRANTS the Parties' Joint Motion.

2. The Court APPROVES the Settlement Agreement, including the settlement and release of Plaintiff's FLSA claims and all other claims brought in this Litigation.

3. The Court APPROVES the monetary distribution to Plaintiff as described in the Paragraph 5 of the Settlement Agreement and ORDERS Defendants to make payments accordingly.

4. The claims in this Litigation, including Plaintiff's FLSA claims, are hereby DISMISSED WITH PREJUDICE with each Party to bear his or its own expenses and attorneys' fees.

ORDERED this _____ day of _____, 2016.

_____
William I. Garfinkel
UNITED STATES MAGISTRATE JUDGE